**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAMAR BROWN,<br><br>        Plaintiff,<br><br>   v.<br><br>PRO-SOURCE PERFORMANCE PRODUCTS, INC.,<br><br>      Defendant. | Case No. 1:22-cv-06086 |

**PLAINTIFF'S MEMORANDUM OF LAW
<u>IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

## <u>TABLE OF CONTENTS</u>

I.      BACKGROUND ....................................................................................................................1

II.     ARGUMENT .........................................................................................................................3

        A.      Legal Standard ...........................................................................................................3

        B.      Plaintiff Has Standing ................................................................................................4

        C.      Plaintiff's Claims Are Not Moot..............................................................................10

        D.      Nominal Damages Are Available .............................................................................15

III.    CONCLUSION....................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Access Now, Inc. v. Blue Apron, LLC*,
  2017 WL 5186354 (D.N.H. Nov. 8, 2017) .................................................................................. 9

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ...................................................................................................................... 13

*Angeles v. Grace Prods., Inc.*,
  2021 WL 4340427 (S.D.N.Y. Sept. 23, 2021) ............................................................................ 8

*Bernstein v. City of New York*,
  621 F. App'x 56 (2d Cir. 2015) .................................................................................................... 5

*Camacho v. Vanderbilt University*,
  2019 WL 6528974 (S.D.N.Y. Dec. 4, 2019) ............................................................................ 4, 6

*Campbell-Ewald Co. v. Gomez*,
  577 U.S. 153 (2016) ..................................................................................................................... 10

*Carter v. HealthPort Techs., LLC*,
  822 F.3d 47 (2d Cir. 2016) ....................................................................................................... 3, 10

*Cassidy v. Indiana Dep't of Correction*,
  59 F. Supp. 2d 787 (S.D. Ind. 1999) ...................................................................................... 15, 16

*Castillo v. John Gore Organization, Inc.*,
  2019 WL 6033088 (E.D.N.Y. Nov. 14, 2019) ............................................................................ 7

*Exxon Mobil Corp. v. Healey*,
  28 F.4th 383 (2d Cir. 2022) ................................................................................................... 12, 13

*Eyler v. Garrison Pittsburgh Monroeville Opco LLC*,
  2022 WL 1032732 (W.D. Pa. Apr. 6, 2022) .............................................................................. 8

*Eyler v. Liza Luv Investors III LLC*,
  2022 WL 2829823 (W.D. Pa. July 20, 2022) .............................................................................. 8

*Family Equality v. Becerra*,
  2022 WL 956256 (S.D.N.Y. Mar. 30, 2022) ............................................................................ 10

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
  528 U.S. 167 (2000) ..................................................................................................................... 13

*Gualandi v. Adams*,
    385 F.3d 236 (2d Cir. 2004) ................................................................................................ 11

*Guglielmo v. Nebraska Furniture Mart, Inc.*,
    2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020) ....................................................................... 6

*Harty v. West Point Realty, Inc.*,
    28 F.4th 435 (2d Cir. 2022) ............................................................................................. 4, 9

*J.S. ex rel. N.S. v. Attica Cent. Sch.*,
    386 F.3d 107 (2d Cir. 2004) ........................................................................................... 3, 11

*Jaquez v. Aqua Carpatica USA, Inc.*,
    2021 WL 3727094 (S.D.N.Y. Aug. 20, 2021) ...................................................................... 6

*John v. Whole Foods Mkt. Grp., Inc.*,
    858 F.3d 732 (2d Cir. 2017) ................................................................................................ 4

*Katz v. Donna Karan Co., L.L.C.*,
    872 F.3d 114 (2d Cir. 2017) ................................................................................................ 3

*Kreisler v. Second Ave. Diner Corp*,
    731 F.3d 184 (2d Cir. 2013) ............................................................................................. 5, 6

*Lujan v. Defs. Of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................................ 4

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ................................................................................................ 3

*Mercer v. Jericho Hotels, LLC*,
    2019 WL 6117317 (S.D.N.Y. Nov. 18, 2019) .................................................................... 11

*Mhany Mgmt., Inc. v. County of Nassau*,
    819 F.3d 581 (2d Cir. 2016) .............................................................................................. 10

*Migyanko v. Aimbridge Hosp., LLC*,
    2022 WL 345058 (W.D. Pa. Feb. 4, 2022) .......................................................................... 8

*Mullen v. Concord Hosp. Enterprises Co., LLC*,
    2022 WL 295880 (W.D. Pa. Feb 1, 2022) ........................................................................... 8

*Quezada v. U.S. Wings, Inc.*,
    2021 WL 5827437 (S.D.N.Y. Dec. 7, 2021) ..................................................................... 4, 5

*Ruesch v. Comm'r of Internal Revenue*,
    25 F.4th 67 (2d Cir. 2022) ................................................................. 13

*Sanchez v. NutCo, Inc.*,
    2022 WL 846896 (S.D.N.Y. Mar. 22, 2022) ...................................... Passim

*Sarwar v. 3109 Linden Hotel Inc.*,
    2022 WL 902716 (S.D.N.Y. Mar. 28, 2022) ........................................ 10

*Sullivan v. Study.com LLC*,
    2019 WL 1299966 (S.D.N.Y. Mar. 21, 2019) ................................ 10, 14

*Thorne v. Boston Market Corp.*,
    469 F.Supp.3d 130 (S.D.N.Y. 2020) ...................................................... 5

*Uzuegbunam v. Preczewski*,
    141 S. Ct. 792 (2021) ........................................................................ 15

**Statutes**

42 U.S.C. § 12101 ............................................................................................ 2

42 U.S.C. § 12182(a) ................................................................................. 1, 14

42 U.S.C. § 12182(b)(2)(A)(ii) .................................................................. 2, 14

42 U.S.C. § 12182(b)(2)(A)(iii) ...................................................................... 1

42 U.S.C. § 12188(a)(2) .................................................................................. 3

42 U.S.C. § 12205 ........................................................................................... 3

N.Y.C. Admin. Code § 8-102 .......................................................................... 1

N.Y. Exec. Law, Article 15 ............................................................................. 1

**Regulations**

28 C.F.R. §§ 36.303(a) .................................................................................... 1

28 C.F.R. §§ 36.303(b)(2) ............................................................................... 2

28 C.F.R. §§ 36.303(b)(4) ............................................................................... 2

28 C.F.R. §§ 36.303(c) .................................................................................... 1

28 C.F.R. §§ 36.303(c)(1)(ii) ................................................................................................ 9

28 C.F.R. § 36.504(a) ............................................................................................................ 3

28 C.F.R. § 36.505 ................................................................................................................ 3

**Other Authorities**

2 James Wm. Moore et al., Moore's Federal Practice § 12.30 (3d ed. 2021) ............................ 11

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
   § 1350 (3d ed. 2021) ...................................................................................................... 11

Plaintiff Lamar Brown ("Plaintiff") submits this Memorandum in Opposition to Defendant's Motion to Dismiss (ECF 10) ("Motion" or "MTD") filed by Pro-Source Performance Products, Inc. ("Defendant").

## I.    **BACKGROUND**

Under 42 U.S.C. § 12182(a), Title III of the Americans with Disabilities Act[1] ("ADA") states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a). As confirmed by the Department of Justice, Assistant Attorney General Boyd states that, "the ADA applies to public accommodations' websites," and those websites that are owned, operated, and controlled by a public accommodation must be equally accessible for individuals with disabilities. *See* Letter from Assistant Attorney General Stephen E. Boyd, U.S. Department of Justice, to Congressman Ted Budd, U.S. House of Representatives (Sept. 25, 2018) (available at https://www.adatitleiii.com/wp-content/uploads/sites/25/2018/10/DOJ-letter-to-congress.pdf) (last accessed Sept. 30, 2022).

The ADA also imposes statutory and regulatory requirements that "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . ." 42 U.S.C. § 12182(b)(2)(A)(iii); *see also* 28 C.F.R. §§ 36.303(a), (c). Auxiliary aids and services are necessary for individuals with vision disabilities to have full and equal access to places of public

---

[1] Defendant only moves to dismiss Plaintiff's first cause of action under the ADA, and does not address Plaintiff's causes of action under the New York State Human Rights Law, N.Y. Exec. Law, Article 15, nor the New York City Human Rights Law, N.Y.C. Admin. Code § 8-102, *et seq.*

accommodation such as Defendant's Website[2]. Auxiliary aids and services include, but are not limited to, audio recordings, screen reader software, magnification software, optical readers, secondary auditory programs, large print materials, accessible electronic and information technology, other effective methods of making visually delivered materials available to individuals who are blind or have low vision, and other similar services and actions. Compl.[3] ¶ 45; 28 C.F.R. §§ 36.303(b)(2), (4). A place of public accommodation is also required under the ADA to make "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . ." 42 U.S.C. § 12182(b)(2)(A)(ii). Despite these regulations that have governed corporations such as Defendant for over thirty years, Defendant failed to provide full and equal access to its Website for individuals with vision disabilities.

Defendant is a corporation principally based in New Jersey operating as an online retailer that sells protein powder, diet products, and creatine, as well as other merchandise and accessories, and provides articles for informational purposes on its Website. Comp. ¶¶ 4, 5, 19. Defendant is in control of the Website and is responsible for the policies, practices, and procedures surrounding the Website. Comp. ¶¶ 6, 22.

Plaintiff Lamar Brown is an individual with a vision disability as defined in, and protected under, Title III of the ADA, 42 U.S.C. § 12101 *et seq*. Compl. ¶¶ 2, 18; Declaration of Lamar Brown, attached hereto as Exhibit A, at ¶ 2. Prior to filing this lawsuit, Plaintiff attempted to use the Website, but was unable to do so because the Website is inaccessible to individuals with vision disabilities. Compl. ¶¶ 16, 23-26; Ex. A, ¶ 5. Plaintiff, through this action, seeks a permanent

---

[2] Defendant's website ("Website") is available at www.prosource.net.
[3] Complaint (ECF 1) ("Compl.").

injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), which directs Defendant to take all steps necessary to bring its Website into full compliance with the requirements set forth in the ADA and ensure that it is fully accessible to, and independently usable by disabled individuals. Compl. ¶ 10; *id.* at p. 19-20 (Prayer for Relief). Plaintiff also seeks attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, costs for monitoring compliance with the judgment of this Court, and nominal damages. Compl. at p. 19-20 (Prayer for Relief).

II.    **ARGUMENT**

   A.  *Legal Standard*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A 12(b)(1) challenge can take two forms—facial challenges that are based on the allegations in the complaint and factual challenges where the moving party proffers evidence in support of their motion to dismiss. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016). In opposition to a factual challenge, "plaintiffs must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (internal citations and quotations omitted); *see also Sanchez v. NutCo, Inc.*, No. 22-CV-10107, 2022 WL 846896 (S.D.N.Y. Mar. 22, 2022). Though courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue," they "may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

**B.** *Plaintiff Has Standing*

To establish Article III standing, a plaintiff must establish: "(1) that he has an injury in fact; (2) that there is a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable judicial decision." *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992).[4] "In reviewing standing under the ADA, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." *Camacho v. Vanderbilt University*, No. 18 Civ. 10694 (KPF), 2019 WL 6528974, at *9 (S.D.N.Y. Dec. 4, 2019) (internal citations and quotations omitted).

Following the Second Circuit's guidance, this Court has found that the "injury in fact" standard is a "low threshold." *Sanchez*, 2022 WL 846896 at *2 (citing *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017)). In *Sanchez*, this Court held that the legally blind plaintiff had standing where he described "in great detail the nature of the Website's barriers" by alleging that he could not ascertain the price or other details of products on the website, and the website provided no indication that something was placed into the shopping cart. *Sanchez*, 2022 WL 846896 at *2. These allegations were enough to establish injury in fact and "sufficiently plead[] a past injury traceable to [defendant's] failure to make the Website accessible." *Id.* Similarly, another court in this District held that a visually disabled plaintiff had standing where he "was unable to determine information about defendant's products such as what sizes were available[.]" *Quezada v. U.S. Wings, Inc.*, No. 20 Civ. 10707, 2021 WL 5827437, at *4 (S.D.N.Y. Dec. 7, 2021); *see also Camacho*, 2019 WL 6528974 at *9 (plaintiff had standing where he attempted, but was unable, to learn more about a college on the college's website).

---

[4] Defendant does not challenge elements two or three in its Motion.

Plaintiff's well-pleaded allegations parallel those in *Sanchez*, *Quezada*, and *Camacho*. Plaintiff alleges, and further states in his Declaration, that he attempted to navigate the Website using his JAWS screen reader but was unsuccessful due to Defendant's failure to build and maintain the Website in a manner compatible with a screen reader. Compl. ¶¶ 23-24; Ex. A, ¶ 5. Plaintiff alleges with specificity the exact access barriers he encountered, such as not being able to bypass blocks of content that are repeated on multiple web pages of the Website, encountering unlabeled links in the header, not being able to accurately determine the price of items on sale, and not being able to review certain health information that is provided in images because they lack proper descriptive text. Compl. ¶ 25(a)-(e); Ex. A, ¶¶ 6-7. These allegations describe the access barriers "in great detail" such that Plaintiff meets the low threshold to establish injury in fact and standing.

Where a plaintiff seeks injunctive relief, he "must also prove that the identified injury in fact presents a real and immediate threat of future injury often termed a likelihood of future harm." *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (internal citations and quotations omitted). "[A]lleging standing under the ADA requires Plaintiff to show not only that he encountered barriers at public accommodations prior to filing the complaint, but also that he has a plausible intention or desire to return to the place but for the barriers to access." *Thorne v. Boston Market Corp.*, 469 F.Supp.3d 130, 135-36 (S.D.N.Y. 2020) (internal citations and quotations omitted).

This Court found that the plaintiff in *Sanchez* alleged a "reasonable inference that he intended to return to the Website" based on the analysis set forth by the Second Circuit in *Kreisler v. Second Ave. Diner Corp*, 731 F.3d 184 (2d Cir. 2013). *Sanchez*, 2022 WL 846896 at *3. In *Kreisler*, a mobility disabled plaintiff alleged that he was currently deterred from entering the

defendant's restaurant due to a step in-front of the building. 731 F.3d at 187-88. The plaintiff further alleged that he would like to enter the restaurant if that step no longer blocked his access to it. *Id.* The Second Circuit found that those allegations were sufficient to establish that he intended to return to the restaurant. *Id.* Following the Second Circuit's guidance, this Court found that where a plaintiff alleges that he tried to, but was unsuccessful, in navigating the website, and is currently deterred from visiting the site due to those barriers but intends to visit again if the barriers were cured, those allegations are enough to satisfy the intent to return requirement. *Sanchez*, 2022 WL 846896 at *3; *see also*, *Camacho*, 2019 WL 6528974, at *9-10 (S.D.N.Y. Dec. 4, 2019). Plaintiff satisfies this standard here.

Plaintiff alleges that he attempted to, but was unsuccessful, in navigating the Website. Compl. ¶¶ 23-25; Ex. A, ¶¶ 3, 5. He further alleges that he is now deterred from attempting to use the Website, but would like to, and intends to, use the Website again in the future if the access barriers were removed. Compl. ¶¶ 26-27; Brown Dec. ¶ 9. Plaintiff's well-pleaded allegations satisfy the intent to return requirement set forth in *Kreisler*, *Sanchez*, and *Camacho*.[5]

Additionally, Defendant argues that Plaintiff does not have standing because: (i) Plaintiff did not have personal knowledge of a barrier (MTD at 12-15); (ii) the ADA does not mandate that

---

[5] Defendant's case law is factually and procedurally distinguishable. In *Guglielmo*, the court noted that the plaintiff's complaint "does not allege where exactly on the Website he encountered these barriers[.]" *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19 Civ. 11197 (KPF), 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020). Second, the plaintiff was "not eligible" to make purchases from the website because they did not deliver to New York. *Id*. at *5. Further, the motion to dismiss was unopposed in *Guglielmo*, as plaintiff failed to file any opposition. *Id.* at *2. In *Jaquez*, the court found that plaintiff lacked standing because "he did not specify the name of any product that he desires to purchase in the future" and because his complaint failed to indicate site elements that are not labeled or information that he was denied access to. *Jaquez v. Aqua Carpatica USA, Inc.*, No. 20 CV 8487 (ALC), 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021). Plaintiff's allegations overcome these pitfalls here.

a company make its website accessible (MTD at 13); and (iii) Plaintiff could have called the number on the Website to request that Defendant makes its Website accessible (MTD at 15-16).

Taking Defendant's arguments in turn, the Complaint sufficiently alleges that Plaintiff personally attempted to use the Website but encountered barriers. Compl. ¶¶ 23-25. Defendant's "actual knowledge" argument fails in the face of those allegations. Plaintiff here alleges that he actually encountered the barriers on the Website, giving him actual knowledge of the same. *See* Compl. ¶¶ 23–26.

This case is easily distinguishable from *Castillo v. John Gore Organization, Inc.*, No. 19-cv-388 (ARR) (PK), 2019 WL 6033088 (E.D.N.Y. Nov. 14, 2019). In that case, a diabetic plaintiff claimed she was deterred from buying a ticket to a show at defendant's theater because the defendant's policy (stated on its website) prohibited food and beverages within its theaters. *Castillo*, 2019 WL 6033088 at *1–2. The court held that she did not encounter any barrier—and could not have plausibly been deterred from visiting the theater—because she never asked the theater owner whether it would accommodate her needs as a diabetic to bring outside food into the theater. *Id.* at *5. Thus, the plaintiff could not have plausibly known whether she would in fact be prohibited from bringing food, particularly in light of the defendant's stated policy (appearing before the food and drink policy in sequence on the website) that the theater "is accessible to all patrons" and that guests "with accommodation questions or who require additional assistance may email the Playhouse directly ... or call the House Manager." *Id.*

Here, and unlike in *Castillo*, Plaintiff knows there are in fact accessibility barriers, and he already encountered them. The access barriers are on Defendant's Website itself, which Plaintiff attempted to use, but could not because he actually encountered missing functionality using his screen reader software. Compl. ¶¶ 23–26.

Defendant's second argument that there are no specific mandates governing websites is meritless. The DOJ has long taken the position that the fact that a specific element of a public accommodation is not addressed in the ADA's implementing regulations does ***not*** change the fact that a public accommodation's goods and services have to be accessible:

> Where the Department has not issued specific design or technical standards, public accommodations' actions are governed by the ADA's general nondiscrimination requirements and the ADA's overarching equal access mandate. These requirements include the obligation to make reasonable modifications where necessary to provide people with disabilities access to the public accommodation's goods and services . . . .

Statement of Interest of the United States of America, *Migyanko v. Aimbridge Hospitality, LLC*, 2:20-cv-01095-NR (W.D. Pa. June 7, 2021), at 4-5.[6]

Defendant's third argument that Plaintiff does not have standing because he did not contact customer service over the phone—which only operates during limited days and hours—is also without merit. Defendant can cite to no authority for the proposition that a website operator is excused from making the website accessible by simply having a customer service phone number. To the contrary, one court in this District has already denied this argument. *See Angeles v. Grace Prods., Inc.*, No., 2021 WL 4340427, at *3 (S.D.N.Y. Sept. 23, 2021) ("Plaintiff contends in this case that Defendant's telephone line is not an adequate replacement for various reasons, including that it is not available 24/7 like the website, and therefore does not provide full and equal enjoyment of the public accommodation.[] Therefore, at this stage, Plaintiff has plausibly alleged that she suffered a concrete and particularized injury when trying to access the website despite the

---

[6] *See also Mullen v. Concord Hosp. Enterprises Co., LLC*, No. 2:20-01530-RJC, 2022 WL 295880 (W.D. Pa. Feb 1, 2022); *Migyanko v. Aimbridge Hosp., LLC*, No. 2:20-cv-1095-NR, 2022 WL 345058 (W.D. Pa. Feb. 4, 2022)*; Eyler v. Garrison Pittsburgh Monroeville Opco LLC*, No. 2:21-cv-01058-CB, 2022 WL 1032732 (W.D. Pa. Apr. 6, 2022); *Eyler v. Liza Luv Investors III LLC*, No. 2:21-cv-01050-CRE, 2022 WL 2829823 (W.D. Pa. July 20, 2022).

purported existence of a telephone option.") (internal citations omitted). Further, the accommodations sought here are use of screen reader auxiliary aids that would allow Plaintiff to *independently access the website* because the Website *itself* is the public accommodation at issue. Defendant's citation to regulatory guidance that restaurants and clothing stores do not need to print menus or price tags in braille if employees will convey information orally is inapt. In those instances, the *restaurant* and the *clothing store* are the place of public accommodation; the menus and price tags are not. By contrast, here Plaintiff alleges and takes the legal position that Defendant's Website is the place of public accommodation.

Defendant's Website contains informational articles on supplements, bodybuilding, muscle growth, training, health and fitness, and the like.[7] The Website is not designed *only* to sell products, which Plaintiff may or may not have been able to purchase over the phone. It is also a source of information to the public, which should be independently reviewable by individuals with a vision impairment. 28 C.F.R. §§ 36.303(c)(1)(ii). Further, *even if* Defendant had policies and practices in place to assist individuals with vision impairments in using the Website, that is a matter that would require discovery, not one appropriately dealt with at the pleadings stage. *Access Now, Inc. v. Blue Apron, LLC*, No. 17-cv-116-JL, 2017 WL 5186354, at *10 (D.N.H. Nov. 8, 2017).

In addition, Plaintiff has standing as a tester because he has shown "unequal treatment on the basis of a protected characteristic," and specified in the Complaint "how the website violated ADA regulations or how those alleged violations discriminated against disabled people." *Harty*, 28 F.4th at 444. This Court has recently found standing to be established in a directly analogous

---

[7]   https://www.prosource.net/blogs/blog-1/8-golden-rules-for-eating-to-gain-muscle-mass   (last accessed Sep. 30, 2022).

case under this theory. *See Sarwar v. 3109 Linden Hotel Inc.*, No. 20-CV-010608, 2022 WL 902716, n.1 (S.D.N.Y. Mar. 28, 2022).

### C. *Plaintiff's Claims Are Not Moot*

Section 2 of Article III requires a case or controversy throughout the entirety of litigation in order to survive dismissal for lack of jurisdiction. *Family Equality v. Becerra,* No. 1:20-cv-2403 (MKV), 2022 WL 956256, at * 2 (S.D.N.Y. Mar. 30, 2022). The Supreme Court has "interpreted this requirement to demand that an actual controversy be extant at all stages of review, not merely at the time the complaint is filed." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (internal quotations and citations omitted). Exceptions to the mootness rule include instances such as "voluntary cessation . . . and cases capable of repetition but evading review." *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016).  This Court has held that "[t]o dismiss a Title III ADA claim as moot, a movant must demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Sullivan v. Study.com LLC*, No. 18-CV-1939, 2019 WL 1299966, at *5 (S.D.N.Y. Mar. 21, 2019) (internal citations and quotations omitted).

As an initial matter, Defendant's mootness arguments depend entirely on Defendant's evidentiary submissions beyond the pleadings, namely declarations submitted by an employee of Defendant (ECF 11-2) (Decl. of Robert Chinery); a blind individual "hired" by Defendant to review Defendant's Website (ECF 11-3, ¶ 4) (Decl. of Robert Kingett); and a video of Kingett navigating some portions of the Defendant's Website using screen reader software. While movants are permitted to use extrinsic evidence to raise a "factual" challenge to jurisdiction under Rule 12(b)(1), *see Carter*, 822 F.3d at 57, the Court is not *required* to consider it without permitting

additional discovery first. *See Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) ("In resisting a motion to dismiss under Rule 12(b)(1), plaintiffs are permitted to present evidence . . . In addition, courts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party." (internal citation omitted)); *see also Mercer v. Jericho Hotels, LLC*, No. 19-CV-5604, 2019 WL 6117317 (S.D.N.Y. Nov. 18, 2019) (permitting jurisdictional discovery in a Title III website accessibility case). Reviewing evidence beyond the pleadings to analyze a Rule 12 motion is discretionary, and the Court may permit jurisdictional discovery before considering the evidence. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2021) ("District courts have broad discretion to consider relevant and competent evidence on a motion to dismiss for lack of subject matter jurisdiction that raises factual issues."); 2 James Wm. Moore et al., Moore's Federal Practice § 12.30 (3d ed. 2021) ("The district court also has broad discretion whether to allow discovery as to facts bearing on jurisdiction.").

Further, and as stated in detail in more Plaintiff's Motion to Strike filed contemporaneously herewith (ECF 17), Mr. Kingett's video evidence is inadmissible hearsay and his declaration is conclusory. Therefore, they should not be relied upon by this Court as evidence of mootness in this action. *Attica*, 386 F.3d at 110.

At a minimum, the Court should permit a period of specific jurisdictional discovery before considering Defendant's evidence. Defendant has "hired" a witness who has not been proffered as an expert and has not disclosed the financial terms of his relationship with Defendant under oath.

But even if this Court reviews Defendant's submission, the evidence therein is simply insufficient to meet Defendant's heavy burden to show that the case is moot. Even assuming—just

for the moment—that Defendant did in fact update its Website after Plaintiff's complaint, the case is still not moot for three reasons: (i) the violation of Title III of the ADA is a violation capable of repetition yet evading review; (ii) Defendant claims to have voluntarily remedied the alleged violations of Title III of the ADA—so if the case is dismissed on mootness grounds, nothing prevents Defendant from allowing its Website to revert to inaccessibility; and (iii) Plaintiff's Declaration contradicts Defendant's statements by identifying access barriers that remain on the Website as of September 28, 2022. Ex. A, ¶ 7.

Under the "capable of repetition" exception, for example, a court may exercise its jurisdiction and consider the merits of a case that would otherwise be deemed moot where "(1) the plaintiff [has] a reasonable expectation that it will be subject to the same challenged action again, and (2) the challenged conduct [is] too short [a duration] to be fully litigated before its cessation." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 395 (2d Cir. 2022). A repeat violation will occur here, and already has as detailed in Plaintiff's Declaration (Ex. A, ¶ 7), if this case is dismissed because a one-time fix to a website such as Defendant's is not enough. *See Fighting for Accessible Website under the ADA: Daniel Goldstein, Brown Goldstein Levy, Baltimore*, Bloomberg BNA, Jan. 13, 2016, ISSN: 1098-5190 ("Without policies, procedures and metrics ... the site's status as accessible will be temporary at best." (reproduced with permission from Electronic Commerce & Law Report, 21 ECLR, 2, 1/13/16)); *see also* Jonathan Lazur et al., Ensuring Digital Accessibility Through Process and Policy 140 (2015) ("a one time 'fix' to an inaccessible website will not cause the website to remain accessible without a corresponding change in corporate policies related to those web-based technologies.").

E-commerce sites are rapidly and continuously changing. These changes are necessary to update inventory, prices, promotions, sales, links, photographs, text, newsletters, contrast, and the

like. Because of this, the Defendant's violation of Title III of the ADA is very much capable of repetition. Further, Defendant will be able to continue evading review each time a complaint is filed, as they are seeking to do here, by making one-time fixes to the Website. This is not enough. Without modification to its policies and practices, repeated violations of the ADA are not just plausible, they are imminent.

In addition to meeting the capable of repetition exception, the voluntary cessation exception also applies. "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)). The voluntary cessation exception "to mootness . . . applies where a defendant voluntarily ceases the offending conduct—aims to prevent parties from evading judicial review . . . by temporarily altering questionable behavior." *Ruesch v. Comm'r of Internal Revenue*, 25 F.4th 67, 70-71 (2d Cir. 2022). In order to prevail on this defense, a defendant must show: "[1] there is no reasonable expectation of the alleged violation's recurrence and [2] interim events have completely and irrevocably eradicated the effects of the alleged violation." *Exxon*, 28 F.4th at 395. A defendant's voluntary cessation does not deprive a court of its authority to determine the legality of the conduct or practice unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.* 528 U.S. at 189.

In response to the Complaint, Defendant claims to have made unspecified "updates" and "changes" to the Website based on the "areas of concern alleged." MTD at 8; MTD Ex. B, ¶ 7. Defendant claims to have reviewed the deficiencies in the Complaint and claims they have been remedied, but Defendant provides no further specifics. *Id.* In response to Defendant's statements,

Plaintiff reviewed the Website following these "changes" and found that the access barriers still exist. Ex. A, ¶ 7. This Court has found, in analogous cases, that where an affidavit submitted indicates that the alleged barriers still exist after the date defendant asserts plaintiff's claims are moot, the defendant has failed to satisfy the "formidable burden of showing that it is *absolutely clear* that the allegedly wrong behavior could not reasonably be expected to recur." *Sullivan*, 2019 WL 1299966 at *5 (internal citations and quotations omitted) (emphasis in original); *see also*, *Sanchez*, 2022 WL 846896 at *3. The same holds true here. Plaintiff's affidavit indicates that as of September 28, 2022 (after Defendant's affidavit indicates the Website was remediated), some of the access barriers complained of in the complaint still existed. Ex. A, ¶ 7.

Defendant has not met its heavy burden to show that this case is moot, and that Plaintiff is entitled to no further relief. There is a "reasonable expectation" the challenged conduct will reoccur, as it is in fact still reoccurring today. Ex. A, ¶ 7. For the same reason, it is clear that Defendant has not "irrevocably eradicated" the Website's accessibility issues because many still accessibility barriers still exist on the Website. *Id.* Further, as stated above, websites are constantly changing and updating, and so to will the need to ensure the Website complies with the ADA and its implementing regulations.

Moreover, Plaintiff seeks relief that is still available in this action, including "reasonable modifications in policies, practices, or procedures necessary to afford access to individuals with disabilities." 42 U.S.C. §§ 12182(a); (b)(2)(A)(ii). Defendant does not have a policy, practice, or procedure in place to ensure continued compliance with the ADA. Defendant has only offered an empty promise to "commit" to keep its Website compliant. MTD at 8; MTD Ex. B, ¶ 14. This is simply not enough, and this Court can, and should, retain jurisdiction in order to provide this

requested relief. At a minimum, Defendant's mootness argument is rife with unresolved, material factual issues and is premature in the procedural context of a Rule 12 Motion.

Plaintiff meets multiple exceptions to the mootness doctrine. Additionally, Plaintiff requests additional relief under the ADA and its implementing regulations that this Court can still provide in this action. For these reasons, this Court should deny Defendant's mootness argument.

As stated above, this all assumes that the Plaintiff even needs to meet a mootness exception to begin with. This Court should not give any weight to declarations that state otherwise, as they are not integral to the pleadings, are disputed, are made without the benefit of discovery, and Mr. Klingett's Declaration is conclusory. Further, the video evidence of a "hired" fact witness that is using a different screen reader software than that used by Plaintiff is inadmissible hearsay.

### D. *Nominal Damages Are Available*

In addition to this action not being mooted for the reasons herein, *supra* II.C., this action is also not moot because Plaintiff is seeking nominal damages. Compl. at p. 19 (Prayer for Relief) ¶ F; *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021). Nominal damages can be sought for retrospective harm, and the availability of those damages alone are enough to overcome a mootness argument. *Id.* Defendant's cited cases in this context are inapposite, as they all were rendered prior to the *Uzuegbunam* decision.

Further, "[m]ost Circuits have recognized that under these statutes the full spectrum of legal and equitable remedies are available, at least when the plaintiff proves an intentional violation." *Cassidy v. Indiana Dep't of Correction*, 59 F. Supp. 2d 787, 793 (S.D. Ind. 1999), *aff'd sub nom. Cassidy v. Indiana Dep't of Corr.*, 199 F.3d 374 (7th Cir. 2000) (internal citations and quotations omitted) (collecting cases). "In light of this law, it would appear that nominal damages would be available for intentional violations of the ADA, Rehabilitation Act or Title VI, even if

no other damages are available." *Id.* Additionally, nominal damages are available under Plaintiff's claims for violation of New York State Human Rights Law, and New York City Human Rights Law. Therefore, Defendant's mootness argument as it relates to nominal damages should be denied in its entirety.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that the Court Deny Defendant's Motion to Dismiss.

Dated: September 30, 2022

Respectfully submitted,

/s/ *Gary F. Lynch*
Gary F. Lynch
Nicholas A. Colella
James M. LaMarca
**LYNCH CARPENTER LLP**
1133 Penn Avenue Floor 5
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com
nickc@lcllp.com
james@lcllp.com

R. Bruce Carlson
Ian M. Brown
**CARLSON BROWN**
222 Broad St.
PO Box 242
Sewickley, PA 15143
bcarlson@carlsonbrownlaw.com
ibrown@carlsonbrownlaw.com
(724) 730-1753

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Gary F. Lynch, hereby certify that on September 30, 2022, a true and correct copy of the foregoing was served by CM/ECF on all counsel of record.

By: *<u>/s/ Gary F. Lynch</u>*