IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LAMAR BROWN,

      Plaintiff,

v.

PRO-SOURCE PERFORMANCE
PRODUCTS, INC.,
      Defendant.

Civil Action No. 1:22-cv-06086

## DEFENDANT PRO-SOURCE PERFORMANCE PRODUCTS, INC.'S REPLY IN SUPPORT OF RULE 12(B)(1) MOTION TO DISMISS COMPLAINT

NOW COMES Defendant, Pro-Source Performance Products, Inc., by and through its attorneys, and hereby files its Reply in Support of its Motion to Dismiss Plaintiff Lamar Brown's Complaint, pursuant to the Federal Rules of Civil Procedure ("FRCP") 12(b)(1) for lack of standing (the "Motion"). For the reasons set forth below, the Motion is due to be granted.

## INTRODUCTION

Plaintiff stood by his original Complaint in the case that fails to allege any product that Plaintiff was interested in purchasing from Defendant.  That alone is a reason to find that Plaintiff's Complaint fails to plead adequate standing for him to move forward with this lawsuit.

Plaintiff does not allege he could not find Defendant's contact information, make a purchase of a product on the website or that he even attempted to make a purchase on the website in his Complaint or Declaration. Plaintiff outlines only two specific issues with the website in his Declaration which are two images that he believes are improperly labeled in the blog section of the website (See Response to Motion to Dismiss, Plaintiff Declaration, ¶7).

Plaintiff further does not allege in the Complaint (or his Declaration) that he has any real reason to be navigating this website, and based on the allegations on what he believes is wrong with the website, shows he has no viable reasons to go back to the website in the future.

## ARGUMENT

### A.   Plaintiff's Response Fails To Save His Argument That He Has Standing.

It is illogical that Plaintiff would ever go back to the website unless he had a specific reason to do so (i.e. potentially order product). Plaintiff should be held to pleading a plausible reason that he had to visit the website again (namely because he wants to purchase supplements) or that he actually uses products sold by Defendant.

A Judge in the Southern District of New York has found in a website accessibility case that, "[I]t is not sufficient to claim that [Jaquez] suffered an injury in fact by casually going to the website with the intent of browsing and potentially purchasing a product without identifying the product that he was prevented from purchasing." *See Jaquez v. Aqua Carpatica USA, Inc.* 20 CV 8487 (ALC), 2021 WL 3727094, at *6 (S.D.N.Y. Aug. 20, 2021); *see also id.* citing *Guglielmo*, at 2020 WL 7480619, at *11 (Dismissing the plaintiff's complaint that he encountered barriers while attempting to access the defendant's website because he failed to identify the goods he intended to purchase on any of his visits to the website). Likewise, in the instant matter, Plaintiff's Complaint and Declaration are devoid of any allegations specifying what product (if any) he was prevented from purchasing. Plaintiff alleges in his Declaration, "I accessed the Website to research and browse health supplements, and to review articles on health, generally." (Plaintiff's Declaration, ¶4). Plaintiff alleges in his Complaint, "Plaintiff would like to, and intends to, attempt to access the Website in the future to

research the products and services the Website offers, or to test the Website for compliance with the ADA." (Complaint, ¶26).  This fails to adequately allege standing.

Plaintiff's Declaration is the first instance in which he admits he is bringing this suit as a tester. To begin with, being a tester is not enough in the 2nd Circuit to establish standing and an "immediate threat of harm".  *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022).  As outlined in *Harty*, assuming a Plaintiff was deprived of information required to make meaningful choices for travel, and arguing that this constitutes an "informational injury" that gives him standing, a Plaintiff must show "downstream consequences from failing to receive the required information" in order to have an Article III injury in fact. *Harty*, 28 F.4th at 444; citing *TransUnion LLC v. Ramirez, 594 U.S.,141 S.Ct. 2190, 2214 (2021)*. In other words, *Harty* must show that he has an "interest in using the information ... beyond bringing [his] lawsuit." *Id.*; citing *Looper,* 22 F.4th at 881.

In the case at hand, Plaintiff himself has only alleged "information injury" and that he is a tester which is not enough to confer Article III standing. Plaintiff alleges no "downstream" consequences from failing to receive the information he states he is searching for on the website (at this point two pictures on the blog section of the website).

Plaintiff further cites to Defendant's website in the Response saying, "Defendant's website contains informational articles on supplements, bodybuilding, muscle growth, training, health and fitness, and the like." (Response, p. 9, ¶3). Plaintiff has made zero allegations in his Complaint that he is a body builder, is interested in muscle growth or buys supplements. Again, without pleading these allegations there is no reasonable likelihood for Plaintiff to patron Defendant's website in the future.

Because Plaintiff has not pled an injury with sufficient clarity, and because he has not alleged any logical future concrete plan to revisit the website, Plaintiff lacks standing to bring a claim under the ADA and his Complaint should be dismissed.

**B.    Plaintiff's Failure To Try To Contact Defendant Should Be Enough To Dismiss This Claim Based On Standing.**

Plaintiff does not make any dispute in his Complaint or Declaration that he could not find the contact information for Defendant.   This case is about Plaintiff wishing to "research the products and services" of Defendant. (Complaint, ¶26).   Again, it is only logical that Plaintiff would have tried to call or email customer service if he really wanted to be a patron of Defendant. The website specifically states:

> "If you have difficulty using or accessing any element of this website, please feel free to call us at 1-800-310-1555 or email us at webmaster@prosource.net and we will work with you to provide the information, item, or transaction you seek through a communication method that is accessible for you consistent with applicable law."
> (See Ex. B of Memorandum In Support of Motion to Dismiss, ¶ 17).

While Defendant acknowledges that Judge Nathan came to a different conclusion in regard to a similar argument about standing and calling a customer service line in *Angeles v. Grace Products, Inc.*, 20-CV-10167 (AJN), 2021 WL 4340427, at *1 (S.D.N.Y. Sept. 23, 2021), in that case there was no evidence that the customer service line could be found on the website and readable to screen readers.   Here there is clear evidence (that is disputable) based on the video of Robert Kingett reviewing the website.

Plaintiff has the burden to prove standing.   In reviewing a factual challenge to subject matter jurisdiction, the court may rely on the plaintiff's complaint, as well as look to extrinsic evidence, such as affidavits, to support its determinations. However, "no presumption of

truthfulness attaches to the complaint's jurisdictional allegations," and "the burden is on the plaintiff to satisfy the Court as fact-finder of the jurisdictional facts." *Greater New York Hosp. Ass'n v. United States*, 98 CIV. 2741 (RLC), 1999 WL 1021561, at *4 (S.D.N.Y. Nov. 9, 1999).

Since Plaintiff has not pled he tried the customer service line or that he has even tried it since the lawsuit was filed, he has not properly pled standing due to his alleged "informational injury" as he does not know what type of information he would have been provided. "It would be absurd to read the ADA as requiring that a public accommodation offer every single customer the help of all available auxiliary aids and services before the customer asks for one. *Dominguez v. Banana Republic*, LLC, 1:19-CV-10171-GHW, 2020 WL 1950496, at *11 (S.D.N.Y. Apr. 23, 2020), aff'd sub nom. (footnote 6); citing *Castillo v. Hudson Theatre*, LLC, 412 F. Supp. 3d 447, 451 (S.D.N.Y. 2019).

Defendant disputes that the analysis in the case *Castillo v. John Gore Org., Inc.*, 19-CV-388 (ARR) (PK), 2019 WL 6033088, at *5 (E.D.N.Y. Nov. 14, 2019) is inapposite to the allegations/facts in this matter as alleged in Plaintiff's Response. Defendant disputes that Plaintiff has pled "any barrier of access" based on having to reach out to Defendant's customer service. In *Castillo*, the Court reasoned that Plaintiff needed to reach out to the Defendant to really determine if there was a barrier of access for her to go to the Playhouse.  Here, Plaintiff should have to reach out to Defendant's customer service to determine if there is really a "barrier of access" to gaining the information he is seeking.

Wherefore, this suit should be dismissed based on Article III standing.

###   C.      The Case Is Moot.

Plaintiff argues that the case is not moot and attaches an Declaration in response to the Motion to Dismiss.  While in his Declaration he makes a conclusion that he encountered many of

5

the same barriers he did during his first review, he does not specially allege what barriers.  The

only thing Plaintiff specifically alleges he experienced during a review on September 28, 2022 are

two pictures in the blog section of the website that he alleges don't have correct labeling for screen

readers:

> "a. I am told sighted shoppers going to one of the Website's most recent article at
> https://www.prosource.net/blogs/blog-1/research-update-can-strength-traininghelp-you-live-
> longer will see an informative image. Screen reader users focusing on this image hear "longevity
> and wellness benefits linked to regular strength training;" and
>
> b. On that very same page, I am told sighted shoppers will see an image describing
> Defendant's Creatine Monohydrate supplement. When screen reader users focus on this image we
> hear "Super premium 100% creapure creatine monohydrate."' (Plaintiff's Declaration Attached as
> Exhibit A to Response, ¶7).

Plaintiff's only specific allegation is that two pictures on the website have incorrect text

for screen reader users.  This alone should be insufficient allegations that the claims made in the

Complaint are not moot.  Even if there are two pictures on the website that Plaintiff disputes have

adequate text to screen reader users, overall the website provides "effective communication".  28

C.F.R. § 36.303.  There is no likelihood based on Defendant's representations that Plaintiff will

not be able to review products, order product or find the contact information for Defendant in the

future.

Further, based on the specific allegations (and not general) that Plaintiff only experienced

two pictures where he was not happy with the alternative text, does not lead to any viable argument

that he has any other reason to visit the website in the future.  Plaintiff does not dispute (and the

video of Robert Kingett shows) that Plaintiff could have made a purchase on the website, learned

about the supplements, learned about the contact information and much more on the website.

Plaintiff's Declaration and what he experienced in his latest review of the website hurts the

argument that he has an "imminent" injury that is "certainly impending" to constitute an injury in fact. *See Clapper v. Amnesty Intern, USA*, 568 U.S. 398, 409 (2013).

## CONCLUSION

WHEREFORE, the Defendant, Pro-Source Performance Products, Inc., respectfully requests that this Court enter an Order granting Defendant's motion and dismissing Plaintiff, Lamar Brown's Complaint with prejudice, and providing any further relief deemed appropriate.

Respectfully submitted,

/s/ Ryan T. Benson
Ryan T. Benson
Attorney for Defendant, Pro-Source Performance Products, Inc.

Ryan T. Benson (ARDC No. 6312338)
O'HAGAN MEYER, LLC
One East Wacker Drive
Suite 3400
Chicago, IL 60601
T: 312-422-6100
F: 312-422-6110
rbenson@ohaganmeyer.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 7, 2022, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system:

Gary F. Lynch
Nicholas A. Colella
James M. LaMarca
**LYNCH CARPENTER LLP**
1133 Penn Avenue Floor 5
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com
nickc@lcllp.com
james@lcllp.com
R. Bruce Carlson
Ian M. Brown
**CARLSON BROWN**
222 Broad St.
PO Box 242
Sewickley, PA 15143
bcarlson@carlsonbrownlaw.com
ibrown@carlsonbrownlaw.com
(724) 730-1753
*Counsel for Plaintiff*

<u>/s/ Ryan T. Benson</u>
Ryan T. Benson, ARDC No. 6312338
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois  60601
312.422.6100 –T
312.422.6110 – F
rbenson@ohaganmeyer.com